DORSEY & WHITNEY LLP
Bruce R. Ewing (BE-0724)
Fara S. Sunderji (FS-1208)
51 West 52nd Street
New York, New York 10019
(212) 415-9200

Attorneys for Plaintiff
AS Beauty Group LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AS BEAUTY GROUP LLC,                           :
                                               :   24 Civ.
                    Plaintiff,                 :
                                               :
        - against -                            :
                                               :   **COMPLAINT WITH JURY**
GUANGZHOU AOLIMEI                              :   **DEMAND**
COSMETICS CO., LTD.,                           :
                                               :
                    Defendant.                 :
------------------------------------------------------------X

       Plaintiff AS Beauty Group LLC, by its attorneys, Dorsey & Whitney LLP, for its Complaint against defendant Guangzhou Aolimei Cosmetics Co., Ltd. alleges as follows:

## Introduction

       1.    This is a case brought to halt blatant violations of Plaintiff's trademark and trade dress rights.

       2.    Plaintiff AS Beauty Group LLC ("Laura Geller" or "Plaintiff") is the owner of the LAURA GELLER brand, which has been synonymous with high-quality makeup, cosmetics and beauty care products since 1997. The brand, as founded by the well-known makeup artist Laura Geller, was a pioneer in artisan-crafted baked makeup, delivering exceptional coverage and finishes for all skin types. In 2024, the LAURA GELLER brand celebrated the 20th anniversary of its best-selling and cult-favorite product, Baked BALANCE-N-BRIGHTEN® Color

Correcting Foundation.  Another one of the brand's standouts is a multipurpose bronzer called BRONZE-N-BRIGHTEN®.  Upon information and belief, Defendant Guangzhou Aolimei Cosmetics Co., Ltd. ("GA Cosmetics" or "Defendant") also manufactures, markets and sells various makeup products and related goods.  However, rather than developing its own product lines through the expenditure of its own marketing and creative efforts, Defendant has, upon information and belief, built a substantial component of its business by marketing, *inter alia*, products that are obviously imitative of those that Laura Geller has long sold.

3. Specifically, as set forth below, Defendant is currently selling two products using trade dress and trademarks that violate Laura Geller's rights, and that are intended to cause, and are likely to cause, confusion among consumers and the trade.  Laura Geller has brought this action to put an end to this rampant misappropriation of its intellectual property.

**Parties, Jurisdiction and Venue**

4. Plaintiff is a limited liability corporation organized under the laws of the State of Delaware that maintains its head office at 111 West 33rd Street, New York, New York.

5. Upon information and belief, Defendant is a limited company organized under the laws of the People's Republic of China with its head office in Guangzhou, China.

6. This is a civil action arising out of Defendant's: (i) infringement of certain distinctive, non-functional trade dress owned and used by Laura Geller; (ii) infringement of certain federally registered trademarks owned and used by Laura Geller; (iii) false designations of origin and false representations, and unfair competition, in violation of §§ 32(1) and 43(a)(1)(A) of the Trademark Act of 1946, *as amended* (the "Lanham Act"), 15 U.S.C. §§ 1114(1) and 1125(a)(1)(A); (iv) dilution in violation of the New York General Business Law

§ 360-l; and (v) trademark infringement and unfair competition under the common law of the State of New York.

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 and has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

8. Upon information and belief, this Court has personal jurisdiction over Defendant pursuant to CPLR 302 by virtue of its commission of tortious conduct as described herein in the State of New York and this District, its transaction of business within the State of New York and this District, and its contracts to supply goods in the State of New York and this District, as described herein.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c).

**Laura Geller's Products and Defendant's Infringing and Diluting Imitations**

Laura Geller's Business

10. In 1993, the professional makeup artist Laura Geller opened a makeup studio on the Upper East Side of Manhattan. Four years later, in 1997, Ms. Geller launched her own makeup line under the LAURA GELLER brand. Today, the LAURA GELLER brand is one of the fastest-growing digital beauty and cosmetics brands in the country, whose annual revenue in 2023 exceeded $100 million. This revenue is anticipated to increase by at least 1/3 in 2024.

13. A key focus of the LAURA GELLER brand is makeup for women over the age of 40. In 2021, the brand shifted to featuring exclusively models over 40 years-old in its marketing materials. The brand works with celebrity ambassadors, including Fran Drescher, Bethenny Frankel, Jennie Garth, Danica McKellar, Kyle Richards and Patricia Heaton. Year after year, customers come back for LAURA GELLER brand favorites like baked foundations, baked

bronzers, serum-based blushes and cream-to-gel primers.  It is therefore not surprising that others, like Defendant, would seek to reap for themselves revenue generated not through their own efforts or creativity, but by misappropriating Laura Geller's trademarks and trade dress for its own gain, as shown below.

BALANCE-N-BRIGHTEN®

11. In 2024, Laura Geller's BALANCE-N-BRIGHTEN® color correcting foundation turned 20 years old.  In terms of manufacturing, the product begins as a cream formula, and it is then baked for 24 hours on a terracotta tile into a powder that fans have loved for two decades for its ease of use and forgiving nature on mature skin.  Over the years, Laura Geller has sold more than seven million BALANCE-N-BRIGHTEN® color correcting foundations.  This product carries the National Rosacea Society Seal of Acceptance, and it was the first foundation to earn a seal of approval from the National Psoriasis Foundation.  The television personality Vanna White, one of the LAURA GELLER brand celebrity ambassadors, is also major fan of BALANCE-N-BRIGHTEN® color correcting foundation.

12. BALANCE-N-BRIGHTEN® color correcting foundation is sold in unique packaging that is both distinctive and non-functional.  For foundation sold under the BALANCE-N-BRIGHTEN® trademark, the key elements of the packaging are: (i) a square box, (ii) with three concentric squares on the front face, (iii) the outer square having a terracotta-colored marbled design, (iv) the middle square being a thin line separating the outer and inner squares, (v) the innermost square having a white background with the LAURA GELLER brand name at the top in gold lettering, with the descriptive word BAKED underneath, and the BALANCE-N-BRIGHTEN® trademark immediately below in black lettering, (vi) followed by a short gold line and the descriptive words COLOR CORRECTING FOUNDATION FOND DE TEINT

4

underneath, also in black lettering (collectively, the "BALANCE-N-BRIGHTEN Trade Dress"). A depiction of the BALANCE-N-BRIGHTEN Trade Dress is shown below:



13. U.S. sales of BALANCE-N-BRIGHTEN® color correcting foundation packaged in the BALANCE-N-BRIGHTEN Trade Dress since its introduction have been extensive, exceeding $50 million. In addition, Laura Geller has extensively advertised and promoted products packaged in the BALANCE-N-BRIGHTEN Trade Dress. Foundation packaged in the BALANCE-N-BRIGHTEN Trade Dress is widely distributed and available in all of the leading channels of trade for such goods, including direct to consumer sales via QVC, Amazon and Laura Geller's own website at www.laurageller.com.

14. As a result of the extensive sales and marketing of products packaged in the BALANCE-N-BRIGHTEN Trade Dress, consumers associate such trade dress with Laura Geller and view that trade dress as designating the source of Laura Geller's BALANCE-N-BRIGHTEN® product. The BALANCE-N-BRIGHTEN Trade Dress is also an inherently distinctive, non-functional symbol of consumer goodwill in Laura Geller's BALANCE-N-BRIGHTEN® foundation and represents a valuable asset of Laura Geller.

15. Laura Geller is the owner of a trademark registration issued by the U.S. Patent & Trademark Office (the "PTO") on the Principal Trademark Register for the BALANCE-N-BRIGHTEN® trademark, as set forth below:

| Reg. No. | Trademark | Goods |
| --- | --- | --- |
| 3,168,706 | BALANCE-N-BRIGHTEN | Cosmetics |

The foregoing trademark registration is valid, subsisting and incontestable under 15 U.S.C. § 1064. The BALANCE-N-BRIGHTEN® trademark is also a distinctive mark symbolizing consumer goodwill whose value to Laura Geller is incalculable.

16. Upon information and belief, Defendant, in common with the rest of the trade, is well aware of the BALANCE-N-BRIGHTEN® trademark and the BALANCE-N-BRIGHTEN Trade Dress, and of the goodwill represented and symbolized thereby. Notwithstanding said awareness, and in fact by reason of same, Defendant has knowingly manufactured, distributed, offered for sale and/or sold in the United States products that use variations of the BALANCE-N-BRIGHTEN Trade Dress and that make prominent use of the trademark BALANCE-N-BRIGHTEN®, and/or directly and actively participated in such activities, without authorization and in a manner designed to confuse consumers.

17. Defendant markets a directly competitive color correcting foundation that violates Laura Geller's trademark and trade dress rights in its BALANCE-N-BRIGHTEN color correcting foundation. As shown below, Defendant's color correcting foundation is also branded BALANCE-N-BRIGHTEN. Defendant has chosen to prominently display the BALANCE-N-BRIGHTEN® trademark owned by Laura Geller on the imitative product in a transparent effort to mislead consumers into believing that its copycat product is, or is related to, Laura Geller's BALANCE-N-BRIGHTEN® foundation.

18. In addition, Defendant has created and adopted trade dress for the infringing BALANCE-N-BRIGHTEN foundation that, upon information and belief, is plainly designed to imitate the Laura Geller BALANCE-N-BRIGHTEN Trade Dress. Specifically, Defendant's infringing BALANCE-N-BRIGHTEN foundation packaging consists of: (i) a square box, (ii) with three concentric squares on the front face, (iii) the outer square having a terracotta-colored marbled design, (iv) the middle square being a thin line separating the outer and inner squares, (v) the innermost square having a white background with the LAKERAIN BEAUTY brand name at the top in gold lettering, with the infringing BALANCE-N-BRIGHTEN trademark immediately below in black lettering, (vi) followed by a short gold line and the descriptive wording COLOR CORRECTING POWDER FOUNDATION underneath, also in black lettering. The foregoing trade dress shall be referred to as the "Infringing BALANCE-N-BRIGHTEN Trade Dress." Depictions of the Infringing BALANCE-N-BRIGHTEN Trade Dress alongside Laura Geller's BALANCE-N-BRIGHTEN Trade Dress appear below:




19. Defendant's sale of foundation prominently featuring the trademark BALANCE-N-BRIGHTEN®, using trade dress clearly derived from Laura Geller's BALANCE-N-BRIGHTEN Trade Dress, is intended to, and is likely to, cause confusion, mistake or deception

among the trade and public and to cause them to believe that Defendant's products are the same as Laura Geller's products or are authorized, sponsored or approved by Laura Geller, or are otherwise affiliated or connected with Laura Geller and/or Laura Geller's BALANCE-N-BRIGHTEN® foundation, and to dilute the distinctive quality of the BALANCE-N-BRIGHTEN® trademark and Laura Geller's BALANCE-N-BRIGHTEN Trade Dress.

20. Defendant's activities have caused and will continue to cause irreparable harm to Laura Geller and to the substantial goodwill embodied in the BALANCE-N-BRIGHTEN® trademark and the BALANCE-N-BRIGHTEN Trade Dress, and said acts will continue unless restrained by this Court.

21. Laura Geller has no adequate remedy at law.

<u>BRONZE-N-BRIGHTEN®</u>

22. Since approximately May 2020, Laura Geller has marketed and sold bronzer under the trademark BRONZE-N-BRIGHTEN®.

23. BRONZE-N-BRIGHTEN® bronzer has been sold in unique packaging owned exclusively by Laura Geller that is both distinctive and non-functional. For bronzer sold under the BRONZE-N-BRIGHTEN® trademark, the key elements of such packaging are: (i) a square box, (ii) with three concentric squares on the front face, (iii) the outer square having a pink terracotta-colored marbled design, (iv) the middle square being a thin line separating the outer and inner squares, (v) the innermost square having a white background with the LAURA GELLER brand name at the top in gold lettering, with the descriptive word BAKED underneath, and the BRONZE-N-BRIGHTEN® trademark immediately below in black lettering, (vi) followed by a short gold line and the descriptive words MULTIPURPOSE BRONZER

underneath, also in dark pink lettering (collectively, the "BRONZE-N-BRIGHTEN Trade Dress"). A depiction of the BRONZE-N-BRIGHTEN Trade Dress is shown below:



24. U.S. sales of BRONZE-N-BRIGHTEN® bronzer packaged in the BRONZE-N-BRIGHTEN Trade Dress since its introduction have been extensive, exceeding $2 million. In addition, such products packaged in the BRONZE-N-BRIGHTEN Trade Dress have been extensively advertised and promoted by Laura Geller. Bronzer packaged in the BRONZE-N-BRIGHTEN Trade Dress is widely distributed and available in all of the leading channels of trade for such goods, including direct to consumer sales via QVC, Amazon and Laura Geller's own website at www.laurageller.com.

25. As a result of the extensive sales and marketing of products packaged in the BRONZE-N-BRIGHTEN Trade Dress, consumers associate such Trade Dress with Laura Geller and view that Trade Dress as designating the source of Laura Geller's BRONZE-N-BRIGHTEN® product. The BRONZE-N-BRIGHTEN Trade Dress is also an inherently distinctive and non-functional symbol of the consumer goodwill in Laura Geller's BRONZE-N-BRIGHTEN® product and represents a valuable asset of Laura Geller.

26. Laura Geller is the owner of a trademark registration issued by the PTO on the Principal Trademark Register for the BRONZE-N-BRIGHTEN® trademark, as set forth below:

| Reg. No. | Trademark | Goods |
|---|---|---|
| 2,989,610 | BRONZE-N-BRIGHTEN | Cosmetics, namely facial color corrector and bronzer |

The foregoing trademark registration is valid, subsisting, and incontestable under 15 U.S.C. § 1064.  The BRONZE-N-BRIGHTEN® trademark is a distinctive mark symbolizing consumer goodwill whose value to Laura Geller is incalculable.

27. Upon information and belief, Defendant, in common with the rest of the trade, is well aware of the BRONZE-N-BRIGHTEN® trademark and the BRONZE-N-BRIGHTEN Trade Dress, and of the goodwill represented and symbolized thereby.  Notwithstanding said awareness, and in fact by reason of same, Defendant has knowingly manufactured, distributed, offered for sale and/or sold in the United States products that use variations of the BRONZE-N-BRIGHTEN® trademark and the BRONZE-N-BRIGHTEN Trade Dress, and/or directly and actively participated in such activities, without authorization and in a manner designed to confuse consumers.

28. Defendant markets a directly competitive bronzer that violates Laura Geller's trademark and trade dress rights in its BRONZE-N-BRIGHTEN multipurpose bronzer.  As shown below, Defendant's multipurpose bronzer is branded with the confusingly similar name BRONZER-N-BRIGHTEN.  Upon information and belief, Defendant has chosen to prominently display its own BRONZER-N-BRIGHTEN mark on the imitative product in a transparent effort to mislead consumers into believing that its copycat product is part of or related to Laura Geller's BRONZER-N-BRIGHTEN® multipurpose bronzer.

29. In addition, Defendant has created and adopted trade dress for BRONZER-N-BRIGHTEN multipurpose bronzer that, upon information and belief, is plainly designed to imitate the Laura Geller BRONZER-N-BRIGHTEN Trade Dress.  Specifically, Defendant's

BRONZER-N-BRIGHTEN packaging consists of: (i) a square box, (ii) with three concentric squares on the front face, (iii) the outer square having a terracotta-colored marbled design, (iv) the middle square being a thin line separating the outer and inner squares, (v) the innermost square having a white background with the LAKERAIN BEAUTY brand name at the top in gold lettering, with the BRONZE & BRIGHTEN trademark immediately below in black lettering, (vi) followed by a short gold line and the descriptive words MULTIPURPOSE CONTOUR BRONZER underneath, also in black lettering.  The foregoing trade dress shall be referred to as the "Infringing BRONZER-N-BRIGHTEN Trade Dress."  Depictions of the Infringing BRONZER-N-BRIGHTEN Trade Dress alongside Laura Geller's BRONZE-N-BRIGHTEN Trade Dress appear below:

 

30.     Defendant's sale of multipurpose bronzer prominently featuring the confusingly similar trademark BRONZER-N-BRIGHTEN, using trade dress clearly derived from Laura Geller's BRONZE-N-BRIGHTEN Trade Dress, is intended to, and is likely to, cause confusion, mistake or deception of the trade and public and to cause them to believe that Defendant's products are the same as Laura Geller's products or are authorized, sponsored or approved by Laura Geller or are otherwise affiliated or connected with Laura Geller and/or Laura Geller's

11

BRONZE-N-BRIGHTEN® multipurpose bronzer, and to dilute the distinctive quality of the BRONZE-N-BRIGHTEN® trademarks and Laura Geller's BRONZE-N-BRIGHTEN Trade Dress.

31. Defendant's activities have caused and will continue to cause irreparable harm to Laura Geller and to the substantial goodwill embodied in the BRONZE-N-BRIGHTEN® and trademark and the BRONZE-N-BRIGHTEN Trade Dress, and said acts will continue unless restrained by this Court.

32. Laura Geller has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF

### Trademark Infringement Under
### Section 32(1) of the Lanham Act – BALANCE-N-BRIGHTEN® Trademark

33. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

34. Defendant's conduct constitutes infringement of Laura Geller's BALANCE-N-BRIGHTEN® trademark.

## SECOND CLAIM FOR RELIEF

### Infringement and Use of False Designations of Origin Under Section 43(a)(1)(A) of the Lanham Act – BALANCE-N-BRIGHTEN® Trademark

35. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

36. Defendant's conduct constitutes infringement and the use of false designations of origin and false descriptions and representations in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), with respect to the BALANCE-N-BRIGHTEN® trademark.

## THIRD CLAIM FOR RELIEF

### Trade Dress Infringement in Violation of
### Section 43(a)(1)(A) of the Lanham Act – BALANCE-N-BRIGHTEN Trade Dress

37. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

38. Defendant's conduct constitutes infringement of Laura Geller's BALANCE-N-BRIGHTEN Trade Dress in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

## FOURTH CLAIM FOR RELIEF

### Common Law Trademark Infringement –
### BALANCE-N-BRIGHTEN® Trademark and BALANCE-N-BRIGHTEN Trade Dress

39. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

40. Defendant's conduct constitutes infringement of Laura Geller's BALANCE-N-BRIGHTEN® trademark and BALANCE-N-BRIGHTEN Trade Dress under New York common law.

## FIFTH CLAIM FOR RELIEF

### Common Law Unfair Competition –
### BALANCE-N-BRIGHTEN® Trademark and BALANCE-N-BRIGHTEN Trade Dress

41. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

42. Defendant's conduct with respect to the BALANCE-N-BRIGHTEN® trademark and the BALANCE-N-BRIGHTEN Trade Dress constitutes unfair competition by passing off, misappropriation and unprivileged imitation under New York common law.

## SIXTH CLAIM FOR RELIEF

### Violation of the New York Antidilution Statute – BALANCE-N-BRIGHTEN ® Trademark and BALANCE-N-BRIGHTEN Trade Dress

43. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

44. Defendant's conduct with respect to the BALANCE-N-BRIGHTEN® trademark and the BALANCE-N-BRIGHTEN Trade Dress will improperly dilute the distinctive quality of such marks in violation of New York General Business Law § 360-l.

## SEVENTH CLAIM FOR RELIEF

### Trademark Infringement Under Section 32(1) of the Lanham Act – BRONZE-N-BRIGHTEN®

45. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

46. Defendant's conduct constitutes infringement of Laura Geller's BRONZE-N-BRIGHTEN® trademark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

## EIGHTH CLAIM FOR RELIEF

### Infringement and Use of False Designations of Origin Under Section 43(a)(1)(A) of the Lanham Act -- BRONZE-N-BRIGHTEN®

47. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

48. Defendant's conduct constitutes infringement and the use of false designations of origin and false descriptions and representations in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), with respect to Laura Geller's BRONZE-N-BRIGHTEN® trademark.

## NINTH CLAIM FOR RELIEF

### Trade Dress Infringement in Violation of
### Section 43(a)(1)(A) of the Lanham Act – BRONZE-N-BRIGHTEN Trade Dress

49. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

50. Defendant's conduct constitutes infringement of Laura Geller's BRONZE-N-BRIGHTEN Trade Dress in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

## TENTH CLAIM FOR RELIEF

### Common Law Trademark Infringement –
### BRONZE-N-BRIGHTEN® and BRONZE-N-BRIGHTEN Trade Dress

51. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

52. Defendant's conduct constitutes infringement of Laura Geller's BRONZE-N-BRIGHTEN® trademark and the BRONZE-N-BRIGHTEN Trade Dress under New York common law.

## ELEVENTH CLAIM FOR RELIEF

### Common Law Unfair Competition –
### BRONZE-N-BRIGHTEN Trademark and Trade Dress

53. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

54. Defendant's conduct with respect to Laura Geller's BRONZE-N-BRIGHTEN® trademark and the BRONZE-N-BRIGHTEN Trade Dress constitutes unfair competition by passing off, misappropriation and unprivileged imitation under common law.

## TWELFTH CLAIM FOR RELIEF

### Violation of the New York Antidilution Statute –
### BRONZE-N-BRIGHTEN Trademark and Trade Dress

55. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

56. Defendant's conduct with respect to the BRONZE-N-BRIGHTEN® trademark and the BRONZE-N-BRIGHTEN Trade Dress will improperly dilute the distinctive quality of such marks in violation of New York General Business Law § 360-l.

WHEREFORE, Plaintiff prays for a judgment:

1. Preliminarily and then permanently enjoining and restraining Defendant, its officers, agents, servants, employees, attorneys, successors or assigns, and all persons or entities acting in concert or participation with them or any of them, from the manufacture, distribution, offering for sale, sale, advertising and/or promotion in the United States of any makeup or related cosmetic products that:

(i) use or depict in any way the infringing trademarks described in this Complaint, any variation thereof, or any other designation that is confusingly similar to or dilutive of Laura Geller's trademarks pleaded herein;

(ii) use or depict in any way the Infringing BALANCE-N-BRIGHTEN Trade Dress or the Infringing BRONZER-N-BRIGHTEN Trade Dress, any variation thereof, or any other trade dress that is confusingly similar to or dilutive of Laura Geller's BALANCE-N-BRIGHTEN Trade Dress  or its BRONZE-N-BRIGHTEN Trade Dress; and

(iii) any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendant's business and products or

the business and products of them are in any way associated or affiliated with or related to Laura Geller or Laura Geller's lines of goods as described herein.

2. Directing Defendant to deliver up to Plaintiff for destruction or other disposition, within thirty (30) days of the entry of final judgment herein, any and all labels, signs, prints, packaging, wrappers, containers, receptacles and advertising or promotional materials in their possession or within their custody or control that bear any trade dress, package design or designation in violation of Plaintiff's rights as decreed herein, together with all plates, molds, matrices and other means of making the same.

3. Directing Defendant to file with the Court and serve on counsel for Plaintiff, within thirty days after entry of any injunction issued by the Court in this action, a sworn written statement as provided in 15 U.S.C. § 1116.

4. Directing Defendant to account to Plaintiff for its profits arising from the conduct complained of herein, pursuant to 15 U.S.C. § 1117(a).

5. Awarding Plaintiff its actual damages incurred as a consequence of Defendant's wrongful conduct as described herein, pursuant to 15 U.S.C. § 1117(a).

6. Awarding Plaintiff its reasonable attorneys' fees, taxable costs and disbursements of this action, pursuant to 15 U.S.C. § 1117.

7. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all of its claims so triable.

Dated: New York, New York
November 11, 2024

DORSEY & WHITNEY LLP

By: _____
Bruce R. Ewing (BE-0724)
Fara S. Sunderji (FS-1208)
51 West 52nd Street
New York, New York 10019
(212) 415-9200
Email: ewing.bruce@dorsey.com
Email: sunderji.fara@dorsey.com
Attorneys for Plaintiff
AS Beauty Group LLC