```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  10/3/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AS BEAUTY GROUP LLC,

               Plaintiff,

-against-

GUANGZHOU AOLIMEI COSMETICS CO., LTD.,

               Defendant.

---

24-CV-08461 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

      This is a trademark infringement action brought under the Lanham Act. On February 21, 2025, the Court stayed this matter while Plaintiff attempted to effectuate service on Defendant in the People's Republic of China ("China") pursuant the Convention of 15 November 1965 (the "Hague Convention" or the "Convention"). *See* Dkt. No. 16.

      On October 1, 2025, Plaintiff submitted a letter requesting that the Court deem service effective under Federal Rule of Civil Procedure 4(f)(1). *See* Dkt. No. 19. An affidavit comprising several documents accompanied the letter, including: (1) a certificate in conformity with Article 6 of the Convention; (2) a translation and original of a document titled Proof of Service issued by the Baiyun District People's Court, Guangzhou City; and (3) a certificate of translation.

      Federal Rule of Civil Procedure 4(f)(1) provides that an individual may be served outside the United States by "means of service . . . authorized by the Hague Convention." Both the United States and China are signatories to the Convention. *See* The World Organization for Cross-Border Cooperation in Civil and Commercial Matters, *HCCH Members*, https://www.hcch.net/en/states/hcch-members (last visited Oct. 2, 2025) (listing the United States and China as signatories to the Convention).

      The Hague Convention permits service through a nation's "Central Authority," which can effectuate service "by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory." Hague Convention, Art. 5, Para. A. For the service to be effective, a foreign nation's Central Authority must issue a certificate or its equivalent stating "that the document has been served" and including "the method, the place and date of service and the person to whom the document was delivered." *Id.* Art. 6; *see also Burda Media, Inc. v. Viertel*, 417 F.3d 292, 299–300, 301 (2d Cir. 2005) (describing acceptable means of service under the Convention and the certificate requirement).

      The documents Plaintiff has provided meet the requirements of the Convention. Plaintiff submitted a formal certificate. The certificate confirms service occurred and includes the means, date, and location of service as well as the person to whom the documents were delivered. Plaintiff also includes a "Proof of Service" document issued by a court in China, specifying

(albeit not with great detail) the documents served. Because service complied with the requirements of the Convention, Plaintiff's service was effective under Federal Rule of Procedure 4(f)(1). Accordingly, it is hereby ORDERED that:

- Defendant must answer, move against, or otherwise respond to the Complaint (Dkt. No. 1) on or before **November 7, 2025**.

- If Defendant fails to answer the complaint, then by **November 21, 2025**, Plaintiff shall file any motions for default judgment in accordance with the Court's Individual Rules & Practices. If Plaintiff's counsel submits calculations in support of any motion for default judgment, Plaintiff's counsel must email native versions of the files with the calculations (*i.e.*, versions of the files in their original format, such as in ".xlsx") to Chambers at GarnettNYSDChambers@nysd.uscourts.gov.

- Defendant shall file any opposition to any motion for default judgment by **December 12, 2025**.

- Plaintiff is ORDERED to serve a copy of this Order on Defendant **within two business days from the date of this Order**, and shall file proof of such service **within three business days from the date of this Order**. Service may be made via any mail-delivery service that provides proof of delivery.

If Plaintiff files a motion for default judgment, it is further ORDERED that Plaintiff shall serve the motion papers on Defendant by **November 14, 2025**, and shall file proof of such service by **November 17, 2025**. Service may be made via any mail-delivery service that provides proof of delivery.

Dated: October 3, 2025
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge